UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| CHARLES ANDREWS and<br>PATRICIA ANDREWS,<br>　　　　　Plaintiffs,<br><br>　　-vs-<br><br>NRM EXTRUSION,<br>McNEIL & NRM, INC.,<br>DAVIS-STANDARD,<br>CADILLAC RUBBER & PLASTICS,<br>JOHN DOE CORPORATION, as Successor<br>　in Interest to Condec Corporation, and<br>JOHN DOE CORPORATION, as Successor<br>　in Interest to NRM Corporation,<br>　　　　　Defendants. | 01-CV-0301E(F)<br><br><br>MEMORANDUM<br><br>and<br><br>ORDER[1] |

---

DAVIS-STANDARD CORPORATION now known as
　Davis-Standard LLC,
　　　　　Third-Party Plaintiff,

　　-vs-

AVON INJECTED RUBBER & PLASTICS, INC.,
VIKING INDUSTRIES, L.L.C., and
VIKING POLYMER SOLUTIONS LLC,
　　　　　Third-Party Defendants.

---

McNEIL & NRM. INC.,
　　　　　Third-Party Plaintiff,

　　-vs-

AVON INJECTED RUBBER & PLASTICS, INC.,
VIKING INDUSTRIES, L.L.C., and
VIKING POLYMER SOLUTIONS LLC,
　　　　　Third-Party Defendants.

---

[1] This decision may be cited in whole or in any part.

In March 2001 plaintiffs Charles and Patricia Andrews commenced this action in New York State Supreme Court, Orleans County, alleging that defendants McNeil & NRM, Inc. ("McNeil"), Davis-Standard and others were negligent in the design, manufacture, inspection, testing and/or marketing of a rubber extruder and, as a result, Charles Andrews was severely injured while otherwise properly using that rubber extruder during the course of his employment.  Charles Andrews asserts claims of negligent design and manufacturing, strict products liability, breach of express and implied warranties and failure to warn. Patricia Andrews asserts claims for loss of consortium.

On April 23, 2001, defendants McNeil and Davis-Standard removed the action to this Court.  On January 23, 2006, Davis-Standard filed a Third Party Complaint against third party defendants Avon Injected Rubber & Plastics, Inc., ("Avon"), Viking Industries, LLC, and Viking Polymer Solutions, LLC, (together "the Viking entities") alleging that if Davis-Standard is found liable to plaintiffs, then the third-party defendants are liable to it for indemnification and/or contribution.  On March 14, 2006, McNeil likewise filed a Third Party Complaint against Avon and the Viking entities asserting a claim for contribution because of their negligence in either making alterations to the subject rubber extruder or failing to properly train and/or supervise Charles Andrews in the operation of the rubber extruder.

Davis-Standard filed affidavits of service on February 24, 2006 and March 31, 2006 indicating that service of the Third Party Complaint had been effected on the

Viking entities by service upon the New York Secretary of State on January 26, 2006. Likewise, McNeil filed affidavits of service on June 20, 2006 and August 8, 2006 indicating that it had effected service on the Viking entities through the New York Secretary of State and by service upon the Viking entities' registered agent in Ohio. The Viking entities did not answer or otherwise plead with respect to either Third Party Complaint.

On January 22, 2007, McNeil filed a request for Clerk's Entry of Default against the Viking entities, which default was entered by the Clerk of the Court on January 23, 2007. Davis-Standard filed its request for Clerk's Entry of Default against the Viking entities on January 23, 2007, and such default was entered by the Clerk of the Court on that same date.[2] On February 6, 2007, McNeil filed its Motion for Default Judgment as to the Viking entities pursuant to Rule 55(b) of the Federal Rules of Civil Procedure ("FRCvP") and on February 13, 2007, Davis-Standard filed its Motion for Default Judgment as to the Viking entities.

## DISCUSSION

FRCvP 55(b) provides that, unless the plaintiff's claim against the defaulting defendant is for a sum certain, the plaintiff must apply to the court for judgment by default. FRCvP 55(b) also states that "[i]f, in order to enable the court to enter

---

[2] Defendants were spurred to act by the Court's issuance on December 29, 2006 of an Order to Show Cause why the Third Party Complaints should not be dismissed as to Viking due to defendants failure to prosecute in light of Viking's apparently failure to answer or otherwise plead as required.

judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence, the court may conduct such hearings or order such references as it deems necessary and proper ∗∗∗."

When a default judgment is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability. *See Greyhound Exhibitgroup, Inc.* v. *E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993). However, where as here the amount of damages is not readily ascertainable, the plaintiff must prove the amount of damages before a final default judgment can be entered. *See Au Bon Pain Corp.* v. *Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

Davis-Standard alleges that the Viking entities are the successors-in-interest to third-party defendant Avon, which employed Charles Andrews at the time of his injury. Davis-Standard alleges that plaintiffs' alleged injuries — to the extent not caused by plaintiffs' own culpable conduct — were in fact caused by Avon's and the Viking entities' "culpable conduct, fault and negligence." Davis-Standard's Third Party Complaint ¶15. McNeil alleges upon information and belief that "the plaintiffs' alleged injuries and damages, to the extent not otherwise caused by culpable conduct attributable to the plaintiff, were caused by negligence attributable to the third-party defendants Avon ∗∗∗[and the Viking entities] in the training and

supervision of plaintiff Charles Andrews, and in the maintenance, repair, alteration and use of the subject rubber extruder." McNeil's Third Party Complaint ¶10.

Both Davis-Standard and McNeil seek from the Viking entities payment of all or part of any damages for which they may be found liable to plaintiffs in accordance with their respective percentages of fault.  Thus, to the extent Davis-Standard and/or McNeil are found liable to plaintiffs, the Court will hold a hearing to determine the percentage of fault attributable to Davis-Standard and/or McNeil and/or the Viking entities.

Accordingly, the Motions for Default Judgment are granted insofar as the Viking entities are liable for indemnification and/or contribution, however, the extent to which the Viking entities are liable must await a hearing conducted after the determination of plaintiffs' claims as against Davis-Standard and McNeil.

DATED:	Buffalo, N.Y.

August 10, 2007

*/s/ John T. Elfvin*
JOHN T. ELFVIN
S.U.S.D.J.